1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MAI T. NGUYEN,                                No.  2:14-cv-2379-GEB-KJN PS

12                    Plaintiff,

13         v.                                       ORDER AND FINDINGS &
                                                    RECOMMENDATIONS
14   DANA BURKE,

15                    Defendant.

16

17         On October 9, 2014, defendant Dana Burke ("defendant"), who is proceeding without

18   counsel, removed this unlawful detainer action from the Solano County Superior Court.[1]  (ECF

19   No. 1.)

20         A federal court has an independent duty to assess whether federal subject matter

21   jurisdiction exists, whether or not the parties raise the issue.  See United Investors Life Ins. Co. v.

22   Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty

23   to establish subject matter jurisdiction over the removed action sua sponte, whether the parties

24   raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996).

25   Because subject matter jurisdiction may not be waived by the parties, a district court must remand

26   a case if it lacks jurisdiction over the matter.  Kelton Arms Condominium Owners Ass'n, Inc. v.

27

28   _____

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) (citing Sparta Surgical Corp. v. Nat'l

Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998)); see also 28 U.S.C. § 1447(c)

("If at any time before final judgment it appears that the district court lacks subject matter

jurisdiction, the case shall be remanded").  For the reasons outlined below, the court finds that it

lacks subject matter jurisdiction over the action and recommends that the action be remanded to

state court.

In relevant part, the federal removal statute provides:

> (a) Except as otherwise expressly provided by Act of Congress, any
> civil action brought in a State court of which the district courts of
> the United States have original jurisdiction, may be removed by the
> defendant or the defendants, to the district court of the United
> States for the district and division embracing the place where such
> action is pending.

28 U.S.C. § 1441(a).  "The defendant bears the burden of establishing that removal is proper."

Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009).  "The

removal statute is strictly construed against removal jurisdiction," id., and removal jurisdiction

"must be rejected if there is any doubt as to the right of removal in the first instance," Geographic

Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010) (citation and quotation

marks omitted).

A federal district court generally has original jurisdiction over a civil action when:  (1) a

federal question is presented in an action "arising under the Constitution, laws, or treaties of the

United States" or (2) there is complete diversity of citizenship and the amount in controversy

exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332(a).

District courts have diversity jurisdiction over "all civil actions where the matter in

controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action

is between:  "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a

foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are

additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different

States."  28 U.S.C. § 1332; see also Geographic Expeditions, Inc., 599 F.3d at 1106.

////

In regards to federal question jurisdiction, federal courts have "jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action, or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983); see also Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Placer Dome, Inc., 582 F.3d at 1091 (citation and quotation marks omitted). "In determining the existence of removal jurisdiction, based upon a federal question, the court must look to the complaint as of the time the removal petition was filed." Abada v. Charles Schwab & Co., 300 F.3d 1112, 1117 (9th Cir. 2002) (citation and quotation marks omitted). Mere reference to federal law is insufficient to permit removal. See Smith v. Indus. Valley Title Ins. Co., 957 F.2d 90, 93 (3d Cir. 1992) ("[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction"). Also, defenses and counterclaims cannot provide a sufficient basis to remove an action to federal court. See Vaden v. Discover Bank, 556 U.S. 49, 60 (2009); Berg v. Leason, 32 F.3d 422, 426 (9th Cir. 1994); Takeda v. Northwestern Nat'l Life Ins. Co., 765 F.2d 815, 821-22 (9th Cir. 1985).

Here, defendant contends that "[f]ederal question [jurisdiction] exists because defendant's demurrer, a pleading[,] depend[s] on the determination of defendant's rights and plaintiff's duties under federal law." (ECF No. 1 at 2.) However, defendant has not shown that removal is proper on the basis of federal question jurisdiction. The state court pleadings and papers accompanying the removal notice establish that the state court action is nothing more than an unlawful detainer action, and is titled as such. (See ECF No. 1 at 5-8.) Plaintiff, the apparent owner of the subject real property in Solano County, California, filed suit in the Solano County Superior Court on August 21, 2014, seeking to evict defendant from the property. (Id. at 5-6.) This court has no jurisdiction over unlawful detainer actions, which are brought pursuant to state law and fall strictly within the province of the state court.

1   Defendant claims that the demurrer filed in state court raises issues concerning of

2   defendant's rights and plaintiff's duties under federal law.  (See id. at 2.)  However, defendant

3   only attaches the first page of the demurrer she references in the notice of removal.  That single

4   page does not indicate how the demurrer shows that this action "arises under" federal law.  It

5   appears from defendant's answer to plaintiff's complaint attached to the notice of removal that

6   defendant seeks to assert affirmative defenses based on the United States Constitution.  (See id. at

7   8.)  However, "[f]ederal [question] jurisdiction cannot be predicated on an actual or anticipated

8   defense." Vaden, 556 U.S. at 60.

9   Furthermore, while defendant may seek to raise counterclaims based on federal law in

10   response to plaintiff's unlawful detainer claim, any counterclaim based on federal law must

11   generally be raised in the state court action and does not provide a basis for removal.  "[A] federal

12   counterclaim, even when compulsory, does not establish 'arising under' jurisdiction." Id.  In

13   other words, federal question jurisdiction under 28 U.S.C. § 1331 cannot "rest upon an actual or

14   anticipated counterclaim." Id.; see also Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.,

15   535 U.S. 826, 830 (2002) ("[T]he well-pleaded complaint rule, properly understood, [does not]

16   allo[w] a counterclaim to serve as the basis for a district court's 'arising under' jurisdiction.");

17   Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1,

18   10-11, n.9 (1983) ("The well-pleaded complaint rule applies to the original jurisdiction of the

19   district courts as well as to their removal jurisdiction.").  Accordingly, based on defendant's

20   removal filing, federal question jurisdiction is not present in this case.

21   Furthermore, defendant does not argue or otherwise show that removal is proper on the

22   basis of diversity jurisdiction.  Defendant states in her state court answer to plaintiff's complaint,

23   which is attached to the notice of removal, that she is a citizen of California.  (See ECF No. 1 at

24   8.)  Therefore, defendant cannot remove the action from a California state court on the basis of

25   diversity jurisdiction.  See 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on

26   the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly

27   joined and served as defendants is a citizen of the State in which such action is brought.")

28   (emphasis added); Local Union 598, Plumbers & Pipefitters Industry Journeymen & Apprentices

4

1  Training Fund v. J.A. Jones Const. Co., 846 F.2d 1213, 1215 (9th Cir. 1988) ("[F]or diversity

2  removal to be proper, none of the defendants may be a citizen of the state in which the action is

3  brought.") (citing 28 U.S.C. § 1441(b)).

4      Moreover, even assuming that the parties are citizens of different states and defendant is

5  not a citizen of California, defendant has not demonstrated that the amount in controversy in this

6  case exceeds $75,000.  A review of plaintiff's complaint confirms that the action was filed as a

7  "limited" civil case where the damages at stake are less than $10,000.  (ECF No. 1 at 6.)  When

8  the plaintiff has alleged a specific amount in damages or alleged that damages do not exceed

9  $10,000, those damages allegations govern the propriety of removal.  "Where it is not facially

10  evident from the complaint that more than $75,000 is in controversy, the removing party must

11  prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional

12  threshold."[2]  Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003)

13  (per curiam).  Here, defendant has not established that this court can maintain diversity

14  jurisdiction given that, on its face, plaintiff's complaint conspicuously describes the damages at

15  stake as "not exceed[ing] $10,000."[3]  (ECF No. 1 at 6.)

16      Based on the foregoing analysis, the court finds that it lacks subject matter jurisdiction

17  over plaintiff's unlawful detainer action brought pursuant to California law.

18      Finally, defendant has also filed an application to proceed in forma pauperis pursuant to

19  28 U.S.C. § 1915.  (ECF No. 2.)  However, because the court recommends that this action be

20  remanded back to the state court for lack of subject matter jurisdiction, defendant's motion is

21  denied.

22  _____

23  [2]  See, e.g., Wachovia Mortgage FSB v. Atencio, 2010 WL 1221804, at *1 (N.D. Cal. Mar. 9, 2010) (unpublished) (holding that, where the "title of the state court complaint provides that the

24  amount in damages is less than $10,000," plaintiff has plead a "specific amount in damages" such that it is not necessary to look beyond the face of the complaint); cf. Valdez v. Allstate Ins. Co.,

25  372 F.3d 1115, 1117 (9th Cir. 2004) (acknowledging the general "facially evident" rule but noting that the inquiry is not confined to the face of the complaint when the amount in

26  controversy is not stated therein).

27  [3]  See, e.g., Arcuri v. State Farm Mut. Auto. Ins. Co., 2013 WL 5781733, at *2 (D. Nev. Oct. 16, 2013) (unpublished) ("[A] bare assertion of the amount in controversy, devoid of any indication

28  from the face of the complaint, is not enough to establish federal jurisdiction.").

Accordingly, for the foregoing reasons, IT IS HERREBY ORDERED that defendant's motion to proceed in forma pauperis (ECF No. 2) is DENIED.

Furthermore,  IT IS HEREBY RECOMMENDED that:

1.  The action be REMANDED to the Solano County Superior Court.

2.  The Clerk of Court be directed to serve a certified copy of the order on the Clerk of the Solano County Superior Court, and reference the state case number (No. FCM142047) in the proof of service.

3.  The Clerk of Court be directed to close this case and vacate all dates.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated:  October 14, 2014

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

6